UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NAZIR AWAN** | : | **CIVIL ACTION NO. 21-1198** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **SHAWN ENTERPRISES, LLC d/b/a OBERLIN EXPRESS** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Currently before the court is a Motion to Remand and a Motion for Attorney Fees filed by plaintiff Nazir Awan ("plaintiff"). Doc. 9. The motion is opposed by defendant Shawn Enterprises, LLC d/b/a Oberlin Express ("Oberlin Express"). Doc. 12.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's Motion to Remand [doc. 9] be **DENIED**.

**I.
BACKGROUND**

Plaintiff Nazir Awan filed suit in the 33rd Judicial District Court, Allen Parish, Louisiana, against his former employer, Oberlin Express. Doc. 1, att. 2. The petition states that Awan was a cashier at Oberlin Express for seven years and worked approximately 73 hours per week at a rate of $10.00 per hour. *Id.* at ¶¶ 3-5. Plaintiff alleges he was only paid $1,280.00 per month during the course of his employment and claims that under Louisiana Revised Statutes 23:631[1] and 23:632,

---

[1] Plaintiff evidently made an error in his complaint, as he cites "La. R.S. 23:61" but quotes the language of La. R.S. 23:631. *See* doc. 1, att. 2, ¶ 10.

Oberlin Express owes him amounts in excess of $160,000 for unpaid regular and overtime wages. *Id.* at ¶¶ 5-8, 10, 12.

Oberlin Express timely removed. Doc. 1. In its notice, it alleges this court enjoys federal question jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff's overtime wage claim is actually governed by federal law. *Id.* at pp. 3-4. It states that although plaintiff alleges causes of action under Louisiana laws, Louisiana does not have a statute that provides for recovery of overtime wages absent a contractual relationship (and plaintiff has not alleged any contract), so the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 207, provides the only basis to recover overtime wages. *Id.* As a result, Oberlin Express argues that plaintiff's claim "arises under" federal law, granting this court original jurisdiction over plaintiff's overtime claim and supplemental jurisdiction, 28 U.S.C. § 1367, over plaintiff's regular unpaid wage claim. *Id.* at pp. 4-5.

In support of his motion to remand, plaintiff claims that no allegations in the complaint raise any federal question. Doc. 9, att. 1, p. 2. Rather, plaintiff argues, a federal question has only been raised in a response by defendant (via its Notice of Removal as a response to plaintiff's complaint), and "[a] federal question raised only in a response to a complaint does not establish federal-question jurisdiction." *Id.* at p. 3. Plaintiff also addresses defendant's statement that no contractual relationship exists and argues for the first time that when plaintiff agreed to work for defendant for $10.00 per hour, a valid verbal contract was formed under Louisiana law, providing a valid avenue for recovery under La. R.S. 23:631-32. *Id.* Plaintiff also requests attorney fees in his Motion to Remand. Doc. 9.

In opposition to the motion, defendant reiterates the point made in its Notice of Removal, that plaintiff's right to any allegedly unpaid overtime wages is wholly dependent upon the resolution of a substantial question of federal law. Doc. 11, p. 1. It also points out that plaintiff

failed to allege the presence of a verbal contract in his petition and argues that the allegation is nonetheless insufficient to indicate that the overtime claims are non-contractual in nature. *Id*. at p. 3. Alternatively, defendant argues that the FLSA preempts any state law cause of action because plaintiff and defendant were engaged in interstate commerce.[2] *Id*. at pp. 4-5. Plaintiff did not reply to defendant's opposition.

## II.
## LAW & ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S. Ct. 1673, 1675 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). However, the federal district court must remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing defendant bears the burden of showing that removal was procedurally proper, and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

The federal question statute, 28 U.S.C. § 1331, provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law where a "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Leaumont v. City of Alexandria*, 582 F. App'x 407, 409 (5th Cir. 2014) (citing *Empire Healthchoice Assurance, Inc. v.*

---

[2] Our Report and Recommendation does not address this argument. Preemption is a defense to a state law claim which does not appear in a well-pleaded complaint, so the existence of a federal preemption defense ordinarily does not authorize removal. *Metropolitan Life Ins. Co. v. Taylor*, 107 S.Ct. 1542, 1546 (1987).

*McVeigh*, 126 S.Ct. 2121 (2006)). Thus a federal court may find that a plaintiff's claim arises under federal law even though the plaintiff has not characterized it as a federal claim. *Frank v. Bear Stearns & Company*, 128 F.3d 919, 922 (5th Cir. 1997).

"Louisiana does not have a statute which provides for the recovery of overtime wages absent a contract to pay overtime." *Chaisson v. Pellerin & Sons, Inc*., 2019 WL 6339927, at *5 (W.D. La. 2019) (quoting *Joffrion v. Excel Maintenance Serv*., 2011 WL 5190524, *2 (M.D. La. 2011)). "Absent a contract, payment of overtime wages is governed exclusively by the FLSA." *Id*.

Though plaintiff has asserted a claim for unpaid overtime wages under La. R.S. 23:631 and 632, it is clearly established that no Louisiana law provides recovery of overtime wages absent a contractual agreement and plaintiff has not alleged a contractual agreement for overtime in this case. Plaintiff argues that he has a basis to recover overtime wages because a verbal contract was established. Doc. 9, att. 1, p. 3. But this assertion, which appears only in plaintiff's memorandum in support of his motion and not in the complaint, is irrelevant because "the jurisdictional analysis depends only on the 'face of the plaintiff's properly pleaded complaint.'" *Leaumont*, 582 F.App'x at 410 (quoting *Caterpillar Inc*., 107 S.Ct. 2425). Since no contract is alleged, payment of overtime wages is governed exclusively by the FLSA. As a result, plaintiff's right to non-contractual overtime wages necessarily depends on a substantial question of federal law. "[Plaintiff] would have no cause of action under state law but for the existence of the FLSA and construction of that law will be required for the adjudication of this suit." *Barrois v. Hilton Title*, 1996 WL 312063, *1 (E.D. La. 1996). Accordingly plaintiff's overtime wage claim arises under federal law and federal question jurisdiction is present. *See Woods v. Berean Children's Home, Inc.*, 2010 WL 1050120, *2-3 (M.D. La. 2010).

Supplemental jurisdiction applies "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Because we have original jurisdiction over the overtime wage claim and the claim for regular wages is "so related," it is proper to exercise supplemental jurisdiction over plaintiff's state law claim for regular unpaid wages.

In his Motion to Remand, plaintiff argues this removal was improper and therefore requests attorney's fees and costs associated with the Motion to Remand. Doc. 9, p. 1; *see* 28 U.S.C. § 1447(c). Should the court accept our recommendation in denying plaintiff's Motion to Remand, we further recommend the court deny plaintiff's motion for attorney's fees and costs.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Remand [doc. 9] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 13th day of July, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE